UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION


BENNIE LEE EVANS,

v.  Case No. 2:06-cr-12-FTM-33DNF
    2:08-cv-445-FTM-33DNF

UNITED STATES OF AMERICA.

_____

O R D E R


This cause is before the Court upon Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-77). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied**.

**PROCEDURAL HISTORY**

On August 3, 2005, a grand jury sitting in the Middle District of Florida, returned an indictment charging Evans, among others, with conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in case number 2:05-cr-71-FTM-33DNF. Doc. cr-3. The indictment was superseded on August 17, 2005

with no material change to the charging offense related to Evans. Doc. cr-7. The Government subsequently moved to dismiss the indictment against Evans on January 25, 2006. Doc. cr-415.

On January 18, 2006, a grand jury sitting in the Middle District of Florida, returned an indictment charging Evans with Possession with Intent to Distribute Five grams or more of Cocaine Base, in violation of 21 U.S.C. §841(b)(1)(B)((iii). Doc. cr-1. On April 6, 2006, Evans proceeded to trial. Doc. cr-31. On April 7, 2006, Evans was found guilty as charged. Doc. cr-35. Additionally, the jury specially found that Evans was responsible for five grams or more of cocaine base. Id.

On August 3, 2006, the Court sentenced Evans to a ninety-seven month term of incarceration followed by five years of supervised release. Doc. cr-50 (Judgment). Evans filed a direct appeal. Doc. cr-55. On July 27, 2007, the United States Court of Appeals for the Eleventh Circuit issued its mandate affirming Evans's conviction in Case Number 06-14673. On April 16, 2008, this Court entered an Order reducing Evans's term of imprisonment, pursuant to 18 U.S.C. §3582, to seventy-eight months. Doc. cr-76.

On May 27, 2008, Evans timely filed his section 2255 motion and affidavit, Docs. cv-1, cv-2, raising the following grounds for relief:

> a. appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim. *See* Evans's Motion at 5. Evans contends that the Government failed to establish that he knowingly possessed cocaine base with the intent to distribute it and consequently his conviction was based "on presumptions and not on facts." Evans's Memorandum at 3.
>
> b. trial counsel was ineffective for failing to provide correct information to Evans regarding the consequences of proceeding to trial versus accepting the Government's plea offer. See Evans's Motion at 5.

**STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE OF COUNSEL**

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel

would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

## INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

An ineffective-assistance-of-appellate-counsel claim is considered under the same two-part test announced in *Strickland. Grubbs v. Singletary*, 120 F.3d 1174, 1176 (11th Cir. 1997). Appellate counsel is not required to raise every legally plausible issue and can exercise discretion in choosing not to pursue weaker arguments that may have merit. See *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983); *Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991).

## **DISCUSSION**

### a. Ineffective Assistance of Appellate Counsel

Evans contends appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim. While appellate counsel did not raise a sufficiency of the evidence argument on appeal, Evans has failed to establish that such an omission was objectively unreasonable in light of the evidence presented during trial. When considering the sufficiency of evidence on appeal, a conviction will be upheld "if, after viewing the evidence

4

in the light most favorable to the government, and drawing all reasonable inferences in its favor, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Alejandro*, 118 F.3d 1518, 1521 (11th Cir. 1997) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. White*, 611 F.2d 531, 536 (5th Cir. 1980) (internal quotations omitted).

The elements of the offense of possession of a controlled substance with intent to distribute are: (1) knowledge of the controlled substance, (2) possession of the controlled substance, and (3) intent to distribute the controlled substance. *United States v. Poole*, 878 F.2d 1389, 1391(11th Cir. 1989). These elements can all be proven with circumstantial evidence. Id. at 1392.

In the instant case, the Government presented the testimony of Antonio Payne who testified to having sold four (4) ounces of cocaine to Evans for $3300 on or about April 23, 2005. Doc. cr-59 at 159. Payne further testified to having spoken to Evans about the cocaine and what he believed was Evans's attempt to cook the cocaine into cocaine base. Id. at 159-160. Evans had expressed his concern about the cocaine purchased from Payne because he had not obtained the anticipated conversion rate of cocaine to cocaine base. Id. Payne explained that four ounces (112 grams) of cocaine would have reasonably yielded 112 grams of cocaine base during the conversion process. Id. at 161.

The extent of Evans's difficulty with converting the cocaine to cocaine base was explained by Government witness Torrence Simpson who had previously facilitated the meeting of Payne and Evans. Simpson testified that in his conversation with Evans, he understood that Evans had taken two ounces of cocaine and converted it into 20 grams of cocaine base. Doc. cr-60. As a result, Evans had contacted Simpson to act as an

5

intermediary with Payne to resolve the apparent problem with the cocaine. Id. at 205-206. Simpson advised he knew Evans had cocaine because Evans told him he did. Id. at 200.

Based upon the testimony of Payne and Simpson and the transcripts of the conversations between Evans, Payne and Simpson, a reasonable trier of fact could have found the essential elements of the offense. Payne acknowledged selling four ounces of cocaine to Evans for $3300. Payne's testimony was corroborated by Simpson who acknowledged speaking to Evans about wanting to return two ounces of cocaine to Payne based upon the poor conversion of the other two ounces of cocaine into crack (cocaine base). The poor conversion resulted in obtaining 20 grams of cocaine base after converting the cocaine. According to Payne, an experience drug dealer, twenty grams of cocaine base is consistent with distribution and not personal consumption. Doc. cr-59 at 163.

When viewed in the light most favorable to the Government, the evidence presented at trial was sufficient to establish the elements of the offense for which Evans was convicted. The reasonable inference that could be drawn from the evidence was that Evans purchased four ounces of cocaine to convert to cocaine base for further distribution. When the conversion did not result in the desired amount of cocaine base, Evans sought the help of an intermediary to secure the exchange of the defective cocaine. The reasonable inference being that if a person engaged in converting cocaine to cocaine base did not achieve a desired result based upon the quality of the cocaine, the person would have a basis for complaining to the cocaine source of supply.

In so doing, Evans explained to Simpson why it was that he wanted to return the cocaine; namely that he only got twenty grams of cocaine base from fifty-six grams of cocaine. So rather than continue to process the other two ounces (56 grams) of cocaine

into cocaine base with predictably poor results, Evans tried to negotiate the return indirectly through Simpson, and then directly by speaking to Payne himself. However, Evans was unsuccessful in doing so. Doc. cr-59 at 160.

Based upon those reasonable inferences from the evidence, the Government established that Evans possessed with intent to distribute five grams or more of cocaine base. Consequently, Evans cannot establish prejudice as a result of appellate counsel's not having appealed on the basis of the sufficiency of the evidence.

### b. Ineffective Assistance of Trial Counsel

Evans contends that his trial counsel was ineffective based upon counsel having misinformed him about the consequences of proceeding to trial or taking the plea offered by the Government. See Evans's Motion at 5. A defendant who is considering a guilty plea must be advised by counsel of any options and sentencing consequences. *Brady v. United States*, 397 U.S. 742, 756, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). However, when challenging a not-guilty plea based on ineffective assistance of counsel, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

Evans's affidavit alleges a discussion in December 2005 with his trial counsel during which trial counsel allegedly told him the charges [the superseding indictment] had been dropped. Evans's affidavit also mentions a "plea bargain for 21 months" to "possession of 5-grams of crack cocaine", that "[defense counsel] could not see how they could charge [Evans] with possession with no drugs", that Evans "had a real good chance to win at trial", that the "most [Evans] could get was 50 months" and that Evans was "advised . . . to take

7

the case to trial, and trun (sic) down the plea." Doc. cr-78.

In the instant case, the Government did not move to dismiss the superseding indictment against Evans until January 25, 2006, at least a month after the time frame that Evans contends his counsel advised him of the "charges being dropped." Doc. cr-415. Furthermore, the Government did not offer Evans a plea to simple possession of 5 grams of cocaine base. The Government did offer Evans a plea to the indictment, charging possession with intent to distribute 5 grams or more of cocaine base. Evans was advised of the penalty for this offense at the time of his initial appearance and arraignment. Doc. cr- 6. Consequently, the offense charged, as well as the plea offer, contemplated an offense punishable by a mandatory minimum five years, up to forty years of incarceration. See 21 U.S.C. §841(b)(1)(B)(iii). Consequently, it would have been unreasonable for Evans to believe his sentence would be as low as 21 months, based upon his having been advised of the penalties, including a mandatory minimum sentence of 60 months.

According to trial counsel, Ludwig Abruzzo, Evans was advised of the minimum mandatory 60-month sentence, with the possibility of a sentence of seven to eight years. See Attachment A, Affidavit of Ludwig Abruzzo. It was trial counsel's opinion that Evans "[had] a less than good chance of acquittal." Id. at 2.

In his motion to vacate, Evans fails to demonstrate or even assert that in the absence of counsel's alleged misinformation, that he would have accepted the Government's plea offer and would not have insisted on going to trial. Assuming arguendo, that Evans was advised by trial counsel that a plea, as charged, would result in a sentence of at least 60 months, and there was sufficient evidence upon which to be convicted, Evans does not claim that he would have foregone a trial and entered a guilty plea. There is no

such indication in Evans's affidavit or in the record to establish a reasonable probability that he would have resolved his case, short of trial, by accepting an offer from the Government or pleading guilty to the Court. Consequently, Evans cannot establish the requisite prejudice to satisfy the second prong of the *Strickland* analysis. If Evans cannot meet one of *Strickland'*s prongs, the Court does not need to address the other prong. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

Based on his motion to vacate and the record now before this Court, Evans has not established any entitlement to relief based on ineffective assistance of trial or appellate counsel.

Accordingly, the Court orders:

That Evans's 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-77) is denied. The Clerk is directed to enter judgment against Evans in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,

' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 10, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Jesus M. Casas
Bennie Lee Evans